IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JAY ANTHONY NOTTINGHAM, | § § | |
| Petitioner, | § § | |
| v. | § § | 2:14-CV-06 |
| WILLIAM STEPHENS, Director, Texas Department of Criminal Justice Correctional Institutions Division, | § § § § | |
| Respondent. | § | |

## ORDER OVERRULING OBJECTIONS, ADOPTING REPORT AND RECOMMENDATION and DISMISSING PETITION FOR A WRIT OF HABEAS CORPUS

Petitioner has filed with this Court a petition for a federal writ of habeas corpus challenging a 2002 conviction and the resultant 2-year sentence which has been fully served and discharged. On March 11, 2014, the United States Magistrate Judge issued a Report and Recommendation in this cause, recommending therein that petitioner's habeas application be dismissed for lack of subject matter jurisdiction because petitioner is not "in custody" under the 2002 conviction or sentence. On March 24, 2014, petitioner filed objections to the Magistrate Judge's Report and Recommendation.

By his objections, petitioner notes he did not consent to have the United States Magistrate Judge "make any ruling" in this case. An Article III judge may refer various matters to a Magistrate Judge for determination with or without the consent of the parties. Here, petitioner's case was referred to the Magistrate Judge for a recommended ruling with the final determination to be made by the undersigned District Judge. Petitioner's consent was not required.

Petitioner also cites 11th Circuit case law to argue the instant habeas application should be

construed as challenging his 2008 conviction, or more specifically the use of his 2002 conviction to enhance the 55-year sentence he received as a result of his 2008 conviction, rather than as a challenge to his fully expired 2002 sentence. If this Court were to construe petitioner's claim as a challenge to his 2008 sentence, as enhanced by his 2002 conviction, petitioner's claim would be barred by *Lackawanna County Dist. Attorney v. Cross*, 532 U.S. 394, 121 S. Ct. 1567, 149 L. Ed. 2d 608 (2001). In that case, the United States Supreme Court held:

> [O]nce a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available . . . the conviction may be regarded as conclusively valid. If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained.

*Id.*, 532 U.S. at 403-04 (citations omitted). Petitioner has not argued, much less demonstrated, he qualified for any exception to this rule. Moreover, if petitioner's habeas application was construed as asserting challenges to his 2008 conviction, any claims asserted would be time barred.

The undersigned United States District Judge has made an independent examination of the record in this case and has considered the objections made by petitioner to the Report and Recommendation. The objections filed by petitioner are hereby OVERRULED and the Magistrate Judge's Report and Recommendation is ADOPTED. Accordingly, the petition for a writ of habeas corpus is DISMISSED.

IT IS SO ORDERED.

ENTERED this 13th day of June 2014.

MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE